UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| NORAH E. SULLIVAN, on behalf of S.M.S., a minor,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No.: C07-0556 CRD<br><br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Norah Sullivan appeals on behalf of her minor son, S.M.S. ("Claimant"), the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("SSA" or the "Act"), after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS the case for payment of benefits.

I. FACTS AND PROCEDURAL HISTORY

Claimant S.M.S. is a sixteen-year-old boy who suffers from a variety of physical and psychological difficulties. He has hearing loss in his left ear due to microtia and atresia and experiences difficulties in school, both academically and socially. The record indicates that he has a learning disorder and a conduct disorder, that he receives special

education services, and that he suffers from low self-esteem.  His diagnoses include a disorder of written expression, a reading disorder, aggressiveness toward peers, and a disregard of rules.

Plaintiff filed for SSI on behalf of Claimant on May 16, 2001, alleging disability since birth.  Plaintiff alleges disability due to hearing loss and a learning disability.  The Commissioner denied his application, both initially and upon reconsideration.

Claimant appealed and a hearing was held before ALJ Joyner on May 7, 2003.  Claimant and his mother appeared with counsel and testified.  On May 10, 2004, the ALJ issued a decision finding Claimant did not qualify as disabled for purposes of SSI.  Plaintiff requested review of that decision and the Appeals Council denied the request for review.  Plaintiff then filed suit in this District Court, which resulted in a remand for reconsideration of one psychiatrist's opinion and two teacher assessments.  AR at 325-39.  The case was remanded to a different ALJ, Judge Adams.  ALJ Adams held a hearing at which Claimant and his mother again testified.  ALJ Adams issued an unfavorable decision on September 7, 2006.  Plaintiff timely filed this civil action on May 7, 2007 to challenge the that decision.  Dkt. No. 3.  Plaintiff now seeks remand for payment of benefits.  Dkt. Nos. 14, 16.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

///

///

## IV. DISABILITY EVALUATION FOR A MINOR

Disability in an individual under eighteen years of age is defined as "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). As the claimant, S.M.S. bears the burden of proving he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Social Security Regulations set forth a three-step process for evaluating youth disability for purposes of SSI. 20 C.F.R. § 416.924. At step one, an ALJ or examiner determines whether a child is engaged in substantial gainful activity.[1] *Id.* If the child is not engaged in substantial gainful activity, the ALJ proceeds to step two in order to determine whether the child has a medically determinable severe impairment or combination thereof. *Id.* If a child has a severe impairment or combination of impairments that meets the duration requirement, the ALJ must determine at step three whether that impairment meets, medically equals, or functionally equals impairments listed in 20 C.F.R. § 404, Part B, Appendix 1, Subpart P. *Id.*

At step three, if the impairment does not meet or medically equal a listed impairment, the ALJ must determine whether the impairment functionally equals a listing by considering the youth's ability to function in daily activities within the following six broad domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(a), (b)(1). If a claimant exhibits "marked" limitation in two or more domains or an "extreme" limitation in one, his or her impairment is "listing-level severe" and thus functionally equals the listed impairments. 20 C.F.R. § 416.926a(d).

If a claimant survives all three steps and has an impairment that meets, medically equals, or functionally equals a listing for the required duration, he or she will be found

---

[1]  School attendance is not considered substantial gainful activity. 20 C.F.R. § 416.972. For most children, gainful employment is irrelevant, because children do not support themselves. Arthur Balsam & Albert Zabin, *Disability Handbook*: 2004 Cumulative Supplement 223 (2004).

disabled for purposes of SSI.  The Commissioner must then review a youth's eligibility at least every three years if the impairment is likely to improve with age.  42 U.S.C. § 1382c(a)(3)(H)(ii)(I) (2004).[2]

## V.  THE ALJ's DECISION

After remand, the ALJ issued a decision again denying Claimant's request for benefits, finding: 1) Claimant has never engaged in substantial gainful activity; 2) Claimant has severe impairments of hearing loss in the left ear, a reading disorder, a disorder of written expression, and a conduct disorder; and 3) Claimant's impairments do not meet or medically or functionally equal the criteria for any listed impairments.

The ALJ's functional equivalency assessment of Claimant is as follows: (i) less than marked limitation in the domain of acquiring and using information; (ii) no limitation in the domain of attending and completing tasks; (iii) marked limitations in the domain of interacting and relating with others; (iv) less than marked limitation in the domain of moving about and manipulating objects; (v) no limitation in the domain of self care; and (vi) less than marked limitation in the domain of health and physical well-being.  Thus the ALJ found Claimant's impairments do not functionally equal any listed impairment and concluded he is not disabled. AR at 311-21.

## VI. ISSUE ON APPEAL

The principle issue in this case is whether the ALJ erred in finding that Claimant's left ear condition is "less than a marked limitation."  This Court finds the ALJ reached beyond the scope of the remand order in making this finding and in so doing, erred.

## VII. DISCUSSION

The first ALJ decision found that Claimant has marked limitations in only the sixth domain of "health and physical well-being," based on his left ear hearing loss. AR at 25.  This District Court remanded the first decision for further consideration of evidence only as relates to

---

[2]  Whereas the analysis for determining adult benefits focuses on gainful employment, the youth analysis focuses on age-appropriate functionality and an impairment's negative impact on growth.  *Balsam*, supra note 1, at 507.

the third domain, "interacting and relating with others."  AR at 338.  Claimant's hearing loss and the domain of health and physical well-being were not ordered to be reevaluated on remand.

The second ALJ decision complied with the remand order so far as reevaluating the domain of "interacting and relating with others."  Differing from the first ALJ, the second ALJ decision concluded that Claimant does have marked limitations in the domain of interacting and relating with others.  AR at 318.  The second ALJ also set forth in detail the well-settled "law of the case" doctrine which stands for the principle that previously decided issues become the law of the case for subsequent proceedings.  "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. …[T]he law of the case doctrine is subject to three exceptions that may arise when (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."  *Minidoka Irrigation Dist. v. Dept. of Interior,* 406 F.3d 567, 573 (9th Cir. 2005) (citations omitted).  As the ALJ also noted, the law of the case doctrine applies to administrative agencies acting on court-ordered remand. *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998); *Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th Cir 1997).  The ALJ appears to have been well aware of the applicability of the doctrine to the instant case, noting:

> The remand order does not disturb Judge Joyner's analysis or findings with regard to the weight given to other opinion evidence, the claimant's credibility, or any other issues.  Hence, the prior treatment of those opinions and issues has become the law of the case.
> …
> Thus, **I hereby adopt the prior analysis and findings with regard to all other opinions and issues in the file and incorporate them into this decision**.

AR at 310-11 (emphasis added).

However, contrary to the ALJ's stated intent, he did not follow the established law of the case because he reevaluated the sixth domain which had already been evaluated by the first ALJ and was not to be reevaluated on remand.  The ALJ found with respect to the sixth domain that "[t]he claimant has less than marked limitation in health and physical well-being.  He has a

congeni[t]al ear condition status post surgeries which has caused limited hearing in the left ear [record citations].  However, the records do not support marked limitations caused by this impairment." AR at 321.  Thus, the second ALJ's finding in the sixth domain is contrary to the finding of the first ALJ.  Because the first ALJ found a marked limitation in the sixth domain and the remand order did not concern reevaluating that domain, the first ALJ's finding became the law of the case with respect to the sixth domain.  The second ALJ did not have authority to reevaluate the sixth domain absent a compelling reason.  *Minidoka,* 406 F.3d at 573.  The second ALJ did not cite any reason or exception for departing from the law of the case and reevaluating the sixth domain.[3]  This was in error.

Marked limitations in two domains of functioning result in a finding of disability.  Here, the first ALJ found marked limitations in domain six and the second ALJ found marked limitations in domain three; therefore, an award of benefits is required.  Accordingly, this Court deems that further administrative proceeds are not necessary and remands for payment of benefits.  *See Varney v. Secretary of Health and Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988) (stating that where the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for immediate award of benefits).

## VIII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED for payment of benefits.

DATED this 14th day of July, 2008.

Carolyn R. Dimmick
United States District Judge

---

[3]Defendant opposes Plaintiff's appeal for benefits but only argues that substantial evidence supports the ALJ's ultimate findings. Dkt. 15 at 6.  Although Defendant opposes, he does not provide any substantive counter argument in opposition to Plaintiff's "law of the case" argument. Although Defendant does reiterate the law of the case doctrine, he does not take the position that any reason existed for reevaluation of domain six.  Plaintiff additionally argues that the finding with respect to domain six is not supported by substantial evidence; however, the Court does not reach this issue because the ALJ was not permitted to reevaluate that domain absent good reason as discussed above.  *Alexander*, 106 F.3d at 876.